# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MASHAUN LAWS, | ) |
| | ) |
| Petitioner, | ) Case No. 15-cv-7949 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| NICHOLAS LAMB, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner, Mashaun Laws, filed a writ of habeas corpus alleging that he has been denied his right to a fair trial and a trial by jury in violation of the Sixth and Fourteenth Amendments. For the reasons stated below, this Court denies Laws' petition.

**Background**

Following a jury trial, Laws was convicted of first-degree murder and sentenced to fifty-five years in prison. At trial, Laws conceded his guilt, but argued that he was only guilty of second-degree murder because he had acted out of fear for his life. Accordingly, the trial court instructed the jury that the State bore the burden of proving Laws guilty beyond a reasonable doubt, but that Laws only had to prove that he believed that he was acting in self-defense by a preponderance of the evidence. The court gave an instruction defining the "preponderance of the evidence" standard but, pursuant to Illinois caselaw, did not provide an instruction similarly defining "reasonable doubt."

Laws appealed his conviction to the Illinois Appellate Court alleging, in pertinent part, that his Sixth and Fourteenth rights had been violated by the trial court's refusal to instruct the jury on the definition of "reasonable doubt" while simultaneously instructing them on the definition of "preponderance of the evidence." The Illinois Appellate Court affirmed Laws' conviction and denied Laws' subsequent petition for rehearing. *People v. Laws*, No. 1-06-0471 (Ill. App. Ct. March

1

20, 2008); (Dkts. 10-5, 10-6). Laws next filed a petition for leave to appeal with the Illinois Supreme Court, arguing that the supreme court should reconsider its prior holdings forbidding courts from issuing jury instructions defining reasonable doubt. (Dkt. 10-7). As is critical here, Laws' petition contained no indication that his challenge was being brought, or had been brought in the appellate court, on a federal constitutional basis. (*Id.*). Instead, it relied on the facts of Laws' case and empirical evidence to argue against the continued application of the caselaw prohibiting trial courts from defining "reasonable doubt." (*Id.*). Laws petition for leave to appeal was denied. (Dkt. 10-8). Laws subsequently filed a petition for post-conviction relief, which was dismissed. The appellate court affirmed the dismissal, and the supreme court denied leave to appeal. (Dkts. I, L, N). Laws then filed the present petition.

**Legal Standard**

Before a district court can address a habeas petition on its merits, a petitioner must have both exhausted his state remedies and avoided any fatal procedural defaults. *See* 28 U.S.C. § 2254(b). In Illinois, exhaustion requires that the petitioner present each claim in his or her habeas petition to the Illinois Appellate Court and, if the Illinois Appellate Court affirms the trial court's ruling, to the Illinois Supreme Court in a petition for discretionary review. *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999)). The petitioner's claim must be fairly presented so as to alert each court to the nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). When a petitioner alleges the violation of federal laws, the petitioner must explicitly indicate that the claim is of a federal nature in order to have fairly presented it. *Id.* at 32.

**Discussion**

As an initial matter, this Court notes that Laws filed an unnoticed motion for extension of time on November 30, 2015, before subsequently filing his reply on January 6, 2016. Because this

2

Court has accepted and considered Laws' late-filed reply brief, his motion for an extension of time is hereby stricken as moot.

Turning to the merits of Laws' habeas petition, this Court finds that Laws' has not exhausted his state remedies. Although Laws' filings before the Illinois Appellate Court make clear that his claim is being brought under the Sixth Amendment and the Fourteenth Amendment, his petition for leave to appeal to the Illinois Supreme Court makes no mention of either constitutional amendment and does not otherwise convey that his claims arise out of federal law. Accordingly, Laws' claim is barred by section 2254(d). *Id.* This Court is not persuaded otherwise by Laws' assertion that he presented operative facts and legal principles controlling his federal claim and thereby "called to mind" the basis of his claim. Fair presentment requires that the state courts have a meaningful opportunity to pass on the substance of the claims. *Id.* Thus, it is not enough for a petitioner's appellate briefs to call a law to mind; rather, the briefs must make clear which law the petitioner's claim is based on so that the appellate court can have a meaningful opportunity to consider that law in passing on the merits of the claim. *Id.* at 33.

Furthermore, Laws cannot cure this procedural default because he has not shown good cause for the default, actual prejudice from the alleged error, or that failure to consider his claim will result in a fundamental miscarriage of justice. *See Badelle v. Correll*, 452 F.3d 648, 661 (7th Cir. 2006). Ordinarily, cause for a default is established by showing that an external impediment prevented the petitioner from presenting his federal claim to the state courts. *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004). Prejudice is established by showing that the violation of the petitioner's federal rights worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. *Id.* Laws has not argued or shown any such impediment or substantial disadvantage here.

3

Where the Court dismisses a habeas petition on procedural grounds, a certificate of appealability ("COA") should issue only when the petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Here, as this Court explained above, existing Supreme Court caselaw establishes that Laws' failed to fairly present his federal constitutional claims to the Illinois Supreme Court. Accordingly, Laws cannot satisfy the criteria for a COA and a COA shall not issue.

**Conclusion**

For the foregoing reasons, Laws' petition for habeas corpus relief [1] is denied and a certificate of appealability will not issue. Petitioner's motion for an extension of time [11] is stricken as moot.

IT IS SO ORDERED.

Date: January 28, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

4